IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEJANDRO HERNANDEZ, | ) |
| | ) Civil Action No. 09 - 324 |
| | ) |
| Petitioner, | ) Judge Arthur J. Schwab |
| | ) Magistrate Judge Lisa Pupo |
| v. | ) Lenihan |
| | ) |
| JERRY C. MARTINEZ, UNICOR and FAC, | ) |
| | ) |

Respondents.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that Respondents' Motion to Dismiss (doc. no. 24) be granted and that the Petition for Writ of Habeas Corpus be dismissed for failing to state a claim cognizable under 28 U.S.C. § 2241 without prejudice to Plaintiff filing a civil rights action in the correct District Court.

II. REPORT

Alejandro Dejesus Hernandez, Register Number 28044-037, is a federal inmate incarcerated at the Northeast Ohio Correctional Center, Youngstown, Ohio (NEO). He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that his rights under the Eighth Amendment of the United States Constitution were violated while he was incarcerated at in the UNICOR Factory at the Low Security Correctional Institution (LSCI) Allenwood where he allegedly was exposed to hazardous materials. He seeks declaratory relief and monetary damages for present and future illness and

injuries. Named as Respondents are Jerry C. Martinez, Warden at Allenwood; Unicor; and FAC. For the reasons outlined below, the Petition should be dismissed for failing to state a claim cognizable under habeas corpus.

A. Relevant Procedural History

On October 11, 1991, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to a 324 month term of imprisonment with a five year term of supervised release to follow for Conspiracy to Distribute and Possession with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846. On January 23, 2007, he was transferred to LSCI Allenwood, which is located in White Deer Township, Union County, Pennsylvania. On February 17, 2009, he was transferred to the NEO in Youngstown, Ohio. During Plaintiff's incarceration, he has not been incarcerated in any correctional institution within the territorial jurisdiction of the United States District Court for the Western District of Pennsylvania.

B. Federal Habeas Corpus Relief

Petitioner's claim is not properly brought in a federal habeas corpus action. In this regard, the purpose of the writ of habeas corpus is to test the legality of a prisoner's detention. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurray, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the petitioner from unlawful confinement); Wolff v. McDonnell, 418 U.S.

539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475, 484-85 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The remedy is to free an inmate from unlawful custody. Preiser, 411 U.S. at 475; Georgevich v. Strauss, 772 F.2d 1078 (3d Cir. 1985), *cert. denied*, 475 U.S. 1028 (1986). If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. Preiser, 411 U.S. at 499.

Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his custody, the district court lacks the power or subject matter jurisdiction to issue a writ. *See* Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998) (holding that the federal habeas corpus statute did not give the district court subject matter jurisdiction over *pro se* petition challenging application of federal statute requiring community notification upon release of prisoner convicted of crime of violence where petition did not challenge the fact or duration of confinement); Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996) (district court should have dismissed petition for lack of subject matter jurisdiction where petition did not make any colorable allegation that underlying conviction was invalid or that prisoner was otherwise being denied his freedom from unlawful incarceration).

In the present case, Petitioner does not make any colorable allegation that his underlying conviction is invalid or that he is otherwise being denied his freedom from unlawful confinement. Instead, Petitioner is seeking to raise a civil rights claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A petition for habeas corpus relief is not the appropriate vehicle for seeking this type of relief. Rourke v. Thompson, 11 F.3d 47 (5th Cir. 1993) (petitioner cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention); Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1987); Pierre v. United States, 525 F.2d 933, 936 (5th Cir. 1976) (the sole function of habeas is to grant relief from unlawful imprisonment or custody and it cannot be used for any other purpose). Accordingly, the Petition should be dismissed for lack of subject matter jurisdiction.

While this Court is cognizant of the liberal construction given to *pro se* pleadings, it does not believe that it is appropriate to consider the merits of Petitioner's claims by re-characterizing his action. This would allow Petitioner to proceed with this action paying only the $5.00 filing fee as opposed to the $350.00 filing fee imposed for all other civil actions and would allow Petitioner to circumvent the congressional objectives passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No.

104-134, 110 Stat. 1321 (1996), such as the 3 strikes rule in 28 U.S.C. § 1915(g) and the IFP provisions in 28 U.S.C. § 1915(b) requiring prisoners to pay the full filing fee. *See* Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004) (concluding that the differences between requests for habeas corpus and general civil litigation including exhaustion under § 1997e(a), payment of the full docket fee, and screening through the three-strikes rule, preclude the court from converting a petition for habeas corpus to a civil suit). *Accord* Carson v. Johnson, 112 F.3d 818 5th Cir. 1997).

In this case, Plaintiff seeks monetary damages and declaratory judgment due to alleged present and anticipated future injury from the alleged conditions in the UNICOR factory at LSCI Allenwood. Because neither the fact nor the length of Plaintiff's incarceration will be affected by the outcome of such a claim, habeas relief is unavailable. *Accord* Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3d Cir. 2002) (holding that habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).[1]

---

1. As noted by Respondents, if Plaintiff should choose to pursue a civil rights claim, the re-filing must take place in accordance with the venue provisions set forth at 28 U.S.C. § 1391(b). As the events in the Complaint were alleged to have taken place at (continued...)

III. CONCLUSION

It is respectfully recommended that Respondents' Motion to Dismiss (doc. no. 24) be granted and that the Petition for Writ of Habeas Corpus be dismissed for failing to state a claim cognizable under 28 U.S.C. § 2241 without prejudice to Plaintiff filing a civil rights action in the correct District Court.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights. *See* Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

March 30, 2010

cc: Alejandro Hernandez, 28044-037
NorthEast Ohio Correctional
2240 Hubbard Road
Youngstown, OH 44501

1. (...continued)
LSCI Allenwood, which is located within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania and the sole individual defendant in this case is Jerry C. Martinez, the former Warden of LSCI Allenwood, venue is not proper in the United States District Court for the Western District of Pennsylvania.